## 3964. BRUNDRIGE *v.* THE STATE.

The contract between the prosecutor and the accused created the relationship of vendor and vendee, and not that of landlord and tenant, and the prosecution for a violation of section 721 of the Penal Code (1910), was unauthorized.

DECIDED MARCH 19, 1912.

Accusation of misdemeanor; from city court of Sparta—Judge Moore. December 23, 1911.

*T. M. Hunt,* for plaintiff in error.

*R. L. Merritt, solicitor,* contra.

HILL, C. J. The plaintiff in error was convicted of a violation of sections 720 and 721 of the Penal Code of 1910, making it a misdemeanor for a tenant to sell or otherwise dispose of the year's crop before the payment of the rent, or for advances made upon the crop, without the consent and to the injury of the landlord. His motion for a new trial was overruled, and he brings error. There is one controlling question of law raised by the record. Was the relationship between the accused and the prosecutor that of landlord and tenant, or that of vendor and vendee? This must be determined by the contract between the two. It is as follows: "This is to certify that I, Eddie Brundrige, have this day leased from Mrs. Eva H. Tye, her heirs, executors, or assigns, all that part of the Henry Culver tract of land lying west of Sandy Run creek, being and lying in the 101st District G. M. of Hancock county, Georgia, containing 315 acres, more or less, for the term of seven years, for which consideration I have signed and delivered to Mrs. Eva H. Tye seven rent notes, all dated this date, and to become due and to contain the amounts that will appear on the face of each note as described here below. All bearing interest from date of maturity at the rate of eight per cent. per annum, and each of them in the principal sum of $340.20, all payable to Mrs. Eva H. Tye on October 1st, 1911, Oct. 1st, 1912, Oct. 1st, 1913, Oct. 1st, 1914, Oct. 1st, 1915, Oct. 1st, 1916, Oct. 1st, 1917. It is agreed and understood by the parties hereto that should there be any default in the prompt payment of all principal and interest, as above specified, then at the option of the holder of said notes they shall become due and payable at the date of such default, regardless of the dates of maturity, thereby divesting the said Eddie Brundrige out of all rights, title, and equities that he may have in and to the said prop-

erty, and vesting the same in the aforesaid Mrs. Eva H. Tye. Should, however, I, Eddie Brundrige, well and truly pay said rent notes, then the said Mrs. Eva H. Tye binds and obligates herself to give to Eddie Brundrige guaranteed deeds to the aforesaid tract of land. [Signed] E. A. Brundrige (L. S.). Signed, sealed, and delivered in the presence of M. Arnold, N. P. & J. P."

While the instrument is not signed by Mrs. Eva H. Tye, it is manifestly intended as in the nature of a bond for title. The consideration for the sale of the land is the sum represented by the notes, and, if they were promptly paid on maturity, Mrs. Tye agreed to execute a deed to the described land to the maker. The defense relied upon was, that Mrs. Tye did not sign this contract as she had agreed to do, and that for this reason the accused refused to pay. the note, as Mrs. Tye, by refusing to sign the obligation to make him a deed to the land, placed him where he could not compel her to make title. The case of *Wilkins* v. *Fulcher, 9 Ga. App.* 68 (70 S. E. 691), relied upon by the prosecution, is distinguished from the instant case on the facts. There the bond for title recited that if the vendee failed to pay the purchase-money notes for the land the sale was to be rescinded, and in that contingency he promised to pay a stipulated sum as rent. Here there is no such promise. It is manifest that the relation of vendor and vendee, and not that of landlord and tenant, was created by the terms of the instrument; and it follows that the criminal prosecution was unauthorized.　　　　　　　　　　　*Judgment reversed.*